PER CURIAM.
Two meritorious issues are raised by the appellant, the former husband, in this appeal from a final judgment of dissolution of marriage. The trial court’s amended final judgment made the following award:
The Wife is awarded the sum of $13,000 representing Wife’s equitable distributive share of marital assets which is to be a lien on the Husband’s interest in [his] house and real property.... The Husband is given one (1) year from the date of the original final judgment in order to pay the total sum of $13,000 to the Wife or, alternatively, the Wife may seek foreclosure thereof after the expiration of the one year period.
The appellant first contends that the imposition of the lien with 12% interest against his house was improper and unreasonable in light of his financial status. His annual salary is approximately $33,000, while the former wife makes about $26,000 with the same employer. When the parties separated, the former wife, and her two children by a prior marriage, moved back into an unencumbered townhouse which she owned; the appellant, along with his child by a prior marriage, remained in his separately owned house and assumed over $15,000 in debt the parties incurred.
*1221 There is no evidence that the appellant has the ability to satisfy the lien within one year. In exercising its discretion to set terms for payment in full of an equitable distribution award, the court should consider the party’s financial ability to comply. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Next, the appellant claims that the award of attorney’s fees and costs to the former wife was improper where she made no claim or showing of an inability to pay or that the appellant was in a better position to pay her fees and costs. We agree with the appellant that the former wife should pay her own fees and costs. See Markland v. Markland, 155 Fla. 629, 21 So.2d 145 (1945) (to justify award of fees and costs, there must be a need on the part of one spouse and an ability to pay on the part of the other); Lewis v. Lewis, 485 So.2d 855 (Fla. 2d DCA 1986); Waters v. Waters, 461 So.2d 976 (Fla. 1st DCA 1984).
Affirmed in part, reversed in part, and remanded for further consistent proceedings.